IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**MICHAEL PEGUES, Individually and on Behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                                No. 4:22-cv-1360

**TRI-COUNTY BEHAVIORAL HEALTHCARE**                                **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Michael Pegues ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant Tri-County Behavioral Healthcare ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Defendant is headquartered in Montgomery County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

5.      Plaintiff is an individual and resident of Harris County.

6.      Defendant is a unit of local government sponsored by the Commissioners Courts of Liberty, Montgomery and Walker Counties.

7.      Defendant maintains a website at https://tcbhc.org/.

### IV.     FACTUAL ALLEGATIONS

8.      Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.      Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

10.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

11.     Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

12.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13.     Defendant employed Plaintiff as an hourly-paid employee from November of 2021 until January of 2022.

14. Plaintiff was employed as a Routine Assessment Specialist and was primarily responsible for meeting with patients in person and over the phone.

15. Defendant also employed other hourly-paid Routine Assessment Specialists within the three years preceding the filing of this lawsuit.

16. Other Routine Assessment Specialists had the same or substantially similar job duties as Plaintiff.

17. At all relevant times herein, Defendant directly hired hourly-paid Routine Assessment Specialists to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

18. Plaintiff and other Routine Assessment Specialists recorded their hours worked via Defendant's time keeping system.

19. Plaintiff regularly worked hours over 40 in a week.

20. Upon information and belief, other Routine Assessment Specialists also worked hours over 40 each week.

21. Plaintiff regularly worked hours which went unrecorded and uncompensated.

22. Plaintiff was required to complete patient charting and other administrative work off the clock.

23. Plaintiff often arrived at work about half an hour before his shift began to complete patient notes and charting, but did not clock in until his scheduled start time.

24. Upon information and belief, other Routine Assessment Specialists were also required to complete patient charting and other administrative work off the clock.

25. Plaintiff was required to meet with so many patients that he was not able to complete his patient notes and charting during his regular shift.

26. Defendant discouraged Plaintiff from recording over 40 hours per week.

27. Plaintiff's time was "flagged" if he worked over 40 hours per week and a supervisor would speak to him about his hours.

28. Upon information and belief, other Routine Assessment Specialists were also discouraged from recording over 40 hours per week and were subject to the same practices.

29. Defendant knew or should have known that Plaintiff and other Routine Assessment Specialists were not able to complete patient charting within their regularly scheduled work hours.

30. Plaintiff performed all his work on Defendant's premises, including the off-the-clock work.

31. Defendant knew or should have known that Plaintiff and other Routine Assessment Specialists were working hours which went unrecorded and uncompensated.

32. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Routine Assessment Specialists of sufficient overtime compensation for all of the hours worked over forty per week.

33. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

36. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid Routine Assessment Specialists who were paid for at least 39 hours in any one or more weeks within the past three years.**

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

39. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.   They were paid hourly;

B.   They had substantially similar job duties and responsibilities;

C.   They were subject to Defendant's common policy of requiring them to complete patient charting and other administrative work off the clock.

40.   Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

41.   Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

42.   The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

43.   The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

44.   Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

45.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

49. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

50. Defendant knew or should have known that its actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

55. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

59. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

60. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

61. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

62. Defendant knew or should have known that its actions violated the FLSA.

63. Defendant's conduct and practices, as described above, were willful.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

65. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Pegues, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MICHAEL PEGUES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com